IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN RAMBO, | Civil Action No. |
| on behalf of herself and all others similarly situated, | INDIVIDUAL AND COLLECTIVE/ CLASS ACTION COMPLAINT |
| Plaintiff, | *Electronically Filed* |
| v. | |
| HEARTLAND RESTAURANT GROUP, d/b/a DUNKIN' DONUTS, | Jury Trial Demanded |
| Defendant. | |

**INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1. This is an individual and collective/class action under the Fair Labor Standards Act of 1938, as amended (FLSA)(29 U.S.C. §201 et seq.), and the Pennsylvania Minimum Wage Act, (PMWA)(43 P.S. §333.101 et seq.), to recover damages for non-payment of overtime wages for Plaintiff and all others similarly situated.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and, for supplemental state claims, 28 U.S.C. §1367(a). This action is authorized and instituted pursuant to the FLSA and the PMWA.

3. The actions and policies alleged to be unlawful were committed in and around Aliquippa, PA, where Plaintiff worked, and other stores owned and operated by Defendant in Western Pennsylvania and elsewhere in Pennsylvania. Therefore, this action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## PARTIES

4. Plaintiff Helen Rambo (hereinafter "Plaintiff" or "Rambo") has resided at all relevant times at 2098 Marshall Road, Apartment 1, Monaca, PA 15061, and was employed by Defendant first as a Shift Leader and later as an Assistant Manager at Defendant's Aliquippa store from on or about January 15, 2012, until on or about April 19, 2014.

5. Defendant Heartland Restaurant Group, d/b/a Dunkin' Donuts (hereinafter "Defendant," or "Dunkin' Donuts"), is headquartered at 40 24th Street, Pittsburgh, PA 15222, and maintains approximately twenty-nine (29) stores in the Pittsburgh, PA, area.

6. Defendant has employees engaged in interstate commerce, has employees handling or otherwise working on goods that have been moved in or produced for interstate commerce, and has annual gross volume of sales in excess of $500,000.

7. At all relevant times, Defendant has been subject to the duty to pay overtime under the Fair Labor Standards Act of 1938, as amended (FLSA)(29 U.S.C. §201 et seq.), and the Pennsylvania Minimum Wage Act (PMWA)(43 P.S. §333.101 et seq.).

8. Defendant is an employer within the meaning of the FLSA and the PMWA.

9. Plaintiff is an employee within the meaning of the FLSA and PMWA.

## BACKGROUND AND STATEMENT OF CLAIMS

10. Plaintiff was employed by Defendant from on or about January 15, 2012, until on or about

April 19, 2014, first as a Shift Leader and then, as of approximately March 2013, as an Assistant Manager at Defendant's Aliquippa, PA, store.

11. Plaintiff reported to a Store Manager.

12. There are approximately twenty-nine (29) stores in the Pittsburgh area.

13. Of these 29 or so stores, about ten (10) of them have Assistant Managers.

14. The other Assistant Managers also report to a Store Manager at their respective stores.

15. As a Shift Leader Plaintiff was paid an hourly rate, plus overtime.

16. As an Assistant Manager, however, Plaintiff was paid strictly a salary, of $462.50 per week, with no overtime pay.

17. Plaintiff was scheduled by Defendant to work 50 hours per week.

18. Plaintiff normally worked 5 days per week (occasionally 6 days per week), 55 to 65 hours each workweek, sometimes more.

19. The time records maintained by Defendant would normally show 50 hours per week, but these records were knowingly false.

20. Defendant would alter the time records to reflect only 50 hours per week even when Plaintiff would work in excess of 50 hours.

**21.**     **Plaintiff was paid no overtime as an Assistant Manager.**

**22.**     **Plaintiff's only compensation was a salary (of $462.50/week).**

**23.**     **Defendant told Plaintiff she was exempt from overtime because she was an Assistant Manager and was salaried.**

**24.**     **Defendant classified Plaintiff as an exempt executive employee within the meaning of the FLSA and the PMWA.**

**25.**     **The classification was improper: Plaintiff was non-exempt.**

**26.**     **Plaintiff did not manage two or more full-time employees.**

**27.**     **In fact, the normal crew was Plaintiff and one other worker.**

**28.**     **Plaintiff did not manage the requisite number of employees to be exempt under the FLSA/PMWA.**

**29.**     **Plaintiff's primary duties were to perform various functions such as baking (50% of her time), working the cash register, preparing food and serving food, the same duties normally performed by the hourly (non-exempt) employees.**

**30.**     **Even if Defendant were to assert the administrative exemption to the FLSA and the PMWA, Plaintiff did not meet the requirements for the administrative exemption.**

31. Plaintiff did not make decisions relative to management policy or general business operations of Defendant.

32. Plaintiff also did not regularly exercise independent judgment and/or discretion in the performance of her duties, as the performance of the duties she was assigned was strictly controlled and dictated by Defendant's policies and practices, automated management systems and procedures, and daily instructions.

33. Plaintiff's primary duty was production.

34. Considering the hours she worked, Plaintiff made the same or even less per hour than the hourly employees, particularly when the hourly employees also earned overtime pay.

35. Plaintiff did not meet the requirements for any of the exemptions within the FLSA or PMWA.

36. Defendant has known since before Plaintiff became an Assistant Manager that Plaintiff was non-exempt.

37. Improperly claiming Plaintiff was exempt was a deliberate act by Defendant to avoid the payment of overtime hours to Plaintiff.

38. Defendant has known since at least September 2011 that it has been in violation of the FLSA and PMWA and has acted in reckless disregard of the FLSA and the PMWA with respect to the classification and payment of Plaintiff.

39. With respect to the other Assistant Managers (about 10 of them), Plaintiff worked directly with several of them at other stores and observed their duties.

40. Based on these observations, the primary duties of the other Assistant Managers at the other stores were the same as Plaintiff's: production.

41. Plaintiff was also told by management that the other Assistant Managers were assigned to do the same basic tasks Plaintiff performed.

42. Like Plaintiff, the other Assistant Managers did not regularly supervise two or more full-time workers.

43. The other Assistant Managers, like Plaintiff, also did not make decisions relative to management policy or general business operations of Defendant.

44. The other Assistant Managers at the other stores did not regularly exercise independent judgment and/or discretion in the performance of their duties, as the performance of the duties they were assigned were strictly controlled and dictated by Defendant's policies and practices, automated systems and daily instructions.

45. The other Assistant Managers' primary duties were not to regularly supervise or manage two or more full time employees or the equivalent; rather, their primary duties were, like Plaintiff, to perform the manual tasks normally performed by the hourly employees.

46. Like Plaintiff, the other Assistant Managers were paid a salary of about $460/week.

47. The other Assistant Managers, like Plaintiff, also worked in excess of 50 hours in most

workweeks.

48. In fact, the other Assistant Managers, like Plaintiff, were scheduled to work a 50 hour workweek.

49. Considering their hours worked, the other Assistant Managers made the same or even less per hour than the hourly employees, particularly when the employees also earned overtime pay.

50. The other Assistant Managers, like Plaintiff, did not meet the administrative exemption of the FLSA or PMWA.

51. The other Assistant Managers, like Plaintiff, also did not meet the requirements for the executive exemption of the FLSA or PMWA.

52. Improperly claiming Plaintiff and other Assistant Managers in the Pittsburgh area to be exempt is a deliberate act by Defendant to avoid the payment of overtime hours to the Assistant Managers and to avoid having to pay additional overtime to hourly employees.

53. By requiring Plaintiff and other Assistant Managers in the Pittsburgh area to perform the same primary duties as hourly employees yet work well in excess of 40 hours each week (scheduled for 50 hours) without overtime pay, Defendant can and does reduce the amount of overtime pay paid to its non-exempt hourly employees and, overall, reduces overhead.

54. Defendant has known since at least September 2011 that it has been in violation of the FLSA and the PMWA and has acted in reckless disregard of the FLSA and the PMWA with respect to the classification and payment of Plaintiff and the other Assistant Managers.

**COLLECTIVE/CLASS ACTION ALLEGATIONS**

55. Defendant has employed in excess of 10 Assistant Managers who are subject to the same pay and work policies (payment of salary, no overtime, performance of non-exempt (production-related) primary duties, not managing two or more employees, scheduled to work in excess of 40 hours per workweek) at all times relevant to this matter (since September 2011).

56. The similarly situated employees of Defendant on whose behalf this lawsuit is brought include all Assistant Managers who have worked hours in excess of forty (40) hours in workweeks since September 2011 who have been subjected to the same pay and work policies (payment of salary, no overtime, performance of non-exempt (production-related) primary duties, not managing two or more employees, scheduled to work in excess of 40 hours per workweek) and who have not been paid overtime compensation at a rate of time-and-one-half (1½) their regular rate of pay for the overtime hours worked.

57. Defendant has violated §207(a) of the FLSA and §333.104(5)(c) of the PMWA by failing to pay Plaintiff, and all other similarly situated Assistant Managers, who have performed work in excess of forty (40) hours in workweeks since September 2011 at a rate of time-and-one-half (1½) their regular rate of pay for the overtime hours worked.

58. Prosecuting this case as a collective action under the FLSA and a class action under the PMWA for similarly situated Assistant Managers who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class members.

59. There are no conflicts of interest among the class members.

60. Counsel for the Representative Plaintiff, Joseph H. Chivers and John R. Linkosky, are experienced in the field of employment law (including FLSA and PMWA wage claims), and collective/class actions, and will fairly and competently represent the interests of the class members.

61. The class is sufficiently numerous so that joinder of all members is impracticable [numerosity].

    - As noted above, there are in excess of 10 class members and it would be impractical to join them all individually.

62. There are questions of law or fact common to the class [commonality].

    - As noted above, the members of the class of Assistant Managers are uniformly classified by Defendant as exempt from overtime (common questions of law); perform the same or similar primary duties as do Plaintiffs and the hourly employees (common questions of fact) consistent with uniform Defendant's policies and procedures and practices (common questions of fact); are paid a salary (common questions of fact); are improperly classified as exempt (common questions of law and fact); work more than 40 hours in workweeks since September 2011 (common questions of fact) and are paid no overtime at time-and-one-half the regular rate of pay (common questions of fact).

63. The claims or defenses of the representative party are typical of the claims or defenses of the class [typicality].

    - As noted above, the claims of the named Plaintiff are typical of the claims of the other Assistant Managers, i.e., misclassification as exempt and failure to pay overtime in accordance with the FLSA/PMWA. The defenses to Plaintiff's claims

(proper classification as exempt under the executive and/or administrative exemptions) are typical of (actually identical to) any defenses to the claims of the class.

64. The representative party will fairly and adequately protect the interests of the class [adequacy].

- As noted above, counsel for the representative Plaintiff, Joseph H. Chivers and John R. Linkosky, are experienced in the field of wage and hour law, and collective actions, and will fairly and competently represent the interests of the class members.

65. The questions of law or fact common to class members predominate over any questions affecting only individual members.

- As noted above, any questions of law are common. To the extent there are any variations in fact (for example, in the precise percentage of time spent by the class members performing particular duties or in the actual number of overtime hours worked), common questions predominate.

66. In light of the above (numerosity, commonality, impracticability of joinder of separate actions), prosecuting this case as a collective/class action for similarly situated Assistant Managers who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interests of the class members.

67. Common issues predominate.

68. A collective/class action is superior to other available methods for fairly and efficiently adjudicating this controversy, and would avoid duplicative and potentially inconsistent or

varying adjudications that could impair or impede the ability of either party to protect its interests.

69. Proof of liability for Defendant's conduct depends on the conduct of Defendant, not on the conduct of the individual class members.

70. Defendant has acted on grounds that apply generally to the class of Assistant Managers (as noted above), making declaratory relief appropriate respecting the class as a whole.

71. There are no conflicts of interest among the class members.

**COUNT I:  FAIR LABOR STANDARDS ACT (FLSA)/PENNSYLVANIA MINIMUM WAGE ACT (PMWA) FAILURE TO PAY OVERTIME (INDIVIDUAL AND COLLECTIVE/CLASS ACTION)**

72. Plaintiff hereby incorporates by reference Paragraphs 1 through 71 of her Complaint as though the same were more fully set forth herein.

73. Plaintiff, and all other similarly situated Assistant Managers, are employees of Defendant within the meaning of the FLSA and the PMWA.

74. Defendant is an employer within the meaning of the FLSA and the PMWA.

75. Neither Plaintiff nor the other similarly situated Assistant Managers regularly manage two or more full-time equivalent employees.

76. The primary duties of Plaintiff, and all other similarly situated Assistant Managers, are production duties, which are non-exempt duties within the meaning of the FLSA and the PMWA.

77. These non-exempt primary duties are the result of common policies and practices applied by Defendant to Plaintiff, and all other similarly situated Assistant Managers.

78. Plaintiff, and all other similarly situated Assistant Managers, have worked in excess of 40 hours in workweeks since September 2011.

79. Plaintiff, and all other similarly situated Assistant Managers, have been subject to the same common pay policy: salary, no overtime.

80. Plaintiff, and all other similarly situated Assistant Managers, have been subject to the same common pay and work policies and practices since September 2011.

81. The common pay and work policies and practices result in the unlawful denial of overtime pay at time-and-one-half (1½) the regular rate of pay in weeks where Plaintiff and the other similarly situated Assistant Managers have worked more than forty (40) hours.

82. Plaintiff, and all other similarly situated Assistant Managers, are entitled to be paid overtime compensation at time-and-one-half (1½) their regular rate of pay pursuant to the FLSA and the PMWA for hours worked in excess of forty (40) hours in workweeks since September 2011.

83. Defendant has violated the FLSA and the PMWA by not paying Plaintiff, and all other similarly situated Assistant Managers, overtime compensation at time-and-one-half their regular rate of pay in workweeks in which the Assistant Managers have worked more than 40 hours since September 2011.

84. Plaintiff, and all other similarly situated Assistant Managers, are also, under the FLSA, entitled to liquidated damages in an amount equal to the unpaid overtime.

85. Defendant's failure to pay overtime at time-and-one-half (1½) the regular rate of pay is knowing and willful.

86. Defendant's failure to pay overtime at time-and-one-half (1½) the regular rate of pay is a violation of the FLSA and the PMWA.

87. Because Defendant has knowingly and intentionally violated the FLSA since September 2011 the three-year statute of limitations for intentional violations under the FLSA applies. (The statute of limitations under the PMWA is three years regardless of willfulness.)

## PRAYER FOR RELIEF

88. Wherefore, Plaintiff, and all other similarly situated Assistant Managers, who have worked hours in excess of forty (40) hours in workweeks since September 2011 without being paid overtime compensation at a rate of time-and-one-half (1½) their regular rate of pay for the overtime hours worked, respectfully request that this Court enter judgment in their favor in an amount equal to the overtime compensation due, together with liquidated damages (FLSA), reasonable attorney's fees and costs.

Respectfully submitted,

s/Joseph H. Chivers
Joseph H. Chivers, Esquire
PA ID No. 39184
First & Market Building
Suite 1010
100 First Avenue
Pittsburgh, PA  15222-1514
jchivers@employmentrightsgroup.com
(412) 227-0763 / (412) 281-8481 FAX

**John R. Linkosky, Esquire**
**PA ID No. 66011**
**715 Washington Avenue**
**Carnegie, PA  15106-4107**
**linklaw@comcast.net**
**(412) 278-1280 / (412) 278-1282 FAX**

*Counsel for Plaintiff and Class*

**Dated: September 19, 2014**